IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT EARL SEMISTON                                                                          PLAINTIFF

vs.                                      Civil No. 1:14-cv-01067

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Robert Earl Semiston ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on July 9, 2012.  (Tr. 20, 176-189).  In his applications, Plaintiff alleges being disabled due to left hip mild arthritis, left hip bursitis, lower back pain, and left knee patellofemoral chondrosis with meniscal tears.  (Tr. 206).  Plaintiff alleges an onset date of July 18, 2012.  (Tr. 20).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 68-71). Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 132-145).

Plaintiff's administrative hearing was held on July 10, 2013 in El Dorado, Arkansas. (Tr. 33-54). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 38).

After this hearing, on September 17, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB and SSI applications. (Tr. 17-28). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 18, 2012, his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lower back pain, degenerative joint disease in the left knee and hip, and left knee patellofemoral chondrosis with meniscal tears. (Tr. 22, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 22-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl.  He can never climb ladders.  He cannot work without an option to sit or stand at will.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform.  (Tr. 26, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 27, Finding 10).  To make this determination, the ALJ applied the Medical-Vocational Guidelines or the "Grids." *Id.*  Specifically, applying Rule 201.25 of the Grids, the ALJ determined Plaintiff qualified as "not disabled." *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from July 18, 2012 through the date of his decision or through September 17, 2013.  (Tr. 27, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 13).  On November 18, 2014, the Appeals Council denied this request for review.  (Tr. 1).  Plaintiff then filed the present appeal on December 10, 2014.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 17, 2014.  ECF No. 7.  This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff only raises two arguments for reversal: (1) the ALJ erred by failing to give credibility to his allegations of pain; and (2) the ALJ erred by failing to consider the combined impact of his impairments. ECF No. 10 at 8-12. Upon review of these claims, the Court agrees with Plaintiff and finds the ALJ improperly evaluated Plaintiff's subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.* Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's

medical records and the opinions of Plaintiff's treating physicians. (Tr. 23-26). First, the ALJ summarized Plaintiff's medical records. *Id.* After summarizing those records, the ALJ then found the following: "It is noted that none of the claimant's treating physicians placed any limitations on his activities and none opined that he was disabled. . . ." (Tr. 26). The ALJ relied heavily upon this finding in his decision to discount Plaintiff's subjective complaints.[3] *Id.*

Notably, the only *Polaski* factor the ALJ even referenced was Plaintiff's daily activities. (Tr. 24). Although the ALJ found Plaintiff had a "wide range" of activities, the activities Plaintiff described (which included activities such as feeding, dressing himself, and getting up and sitting in "the front room") can hardly be characterized as a "wide range" of activities and are limited at best. *Id.* Further, although the ALJ praised Plaintiff for his "excellent, long-term work record," the ALJ still found Plaintiff was not credible despite this excellent work record. (Tr. 26).

Accordingly, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed

---

[3] The ALJ also provided an entirely unhelpful and conclusory reason for discounting Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 24).

and remanded.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of September 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.